IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CLARIBEL MORALES BERMUDEZ**<br>Plaintiff<br><br>Vs.<br><br>**TELEVICENTRO OF PUERTO RICO, LLC**<br>Defendants | **CIVIL CASE NO.:**<br>Removed From: Commonwealth of Puerto Rico Court of First Instance, Superior Court of San Juan<br>Civil No. SJ2025CV10087<br><br>Unjustified Dismissal, Law 80 of May 30, 1976; Law 115 of December 20, 1991, Law 90-2020, Law 2 of October 17, 1961<br><br>Summary Procedure |

### DEFENDANT'S NOTICE OF REMOVAL[1]

**TO THE HONORABLE COURT:**

**COMES NOW**, state court defendant, Televicentro of Puerto Rico, LLC (hereinafter "Televicentro"), by its counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes the above referenced action from the Commonwealth of Puerto Rico Court of First Instance, Superior Court of San Juan (hereinafter, the "Puerto Rico First Instance Court"). Televicentro appears for the purposes of removal only and reserves all rights and defenses available to it pursuant to the Federal Rules of Civil Procedure and states as follows:

**I.   STATE COURT ACTION**

Plaintiff, Claribel Morales Bermudez (hereinafter "Plaintiff" or "Morales"), filed a *Complaint* on November 4, 2025, against Defendant Televicentro of Puerto Rico, LLC d/b/a WAPA Televisión before the Puerto Rico First Instance Court. *See* **Exhibit 1(A) and Exhibit 1(B).**

**II.   DEFENDANTS RECEIPT OF PLAINTIFF'S COMPLAINT**

---

[1] Included with this Notice of Removal are the Category Sheet (**Exhibit 4**) and Civil Cover Sheet (**Exhibit 5**).

Plaintiff served Defendant with copies of the insufficient <u>Summons</u> and her <u>Complaint</u> on December 1, 2025. *See* <u>Summons</u>, attached as **Exhibit 2(A) and Exhibit 2(B)**[2].

### III. NATURE OF PLAINTIFF'S ACTIONS

In her <u>Complaint</u>, Plaintiff assert claims for alleged workplace harassment under Puerto Rico Act No. 90 of August 7, 2020 ("Act 90"), unjust dismissal under Puerto Rico Act No. 80 of 1976, as amended ("Act 80"); retaliation under Puerto Rico Act No. 115 of December 20, 1991, as amended ("Act 115") and damages. Plaintiff claims to be entitled to a severance payment under Act 80 of $21,887.51. In connection with her Act 115 claim, Plaintiff also requests monetary relief for alleged loss of income from the date of termination until the case adjudication, reinstatement and relief for alleged mental anguishes and suffering in an amount of no less than $100,000.00. In addition, Plaintiff seeks a payment for alleged damages resulting from the alleged workplace harassment in the amount of no less than $50,00.00. The <u>Complaint</u> also includes as remedies double penalty and attorney's fees. *See* <u>Complaint</u>, **Exhibits 1(A) and 1(B).**

### IV. REMOVAL OF STATE COURT ACTIONS

The federal statute codified at 28 U.S.C. §§ 1441 *et seq.,* grants defendants the right to remove cases from state courts to federal jurisdiction when the latter would have had original jurisdiction. Under 28 U.S.C. § 1441(a) "[…] any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action

---

[2] Plaintiff failed to satisfy a Summons' requirement as she failed to include the <u>Attachment I</u> to which she refers in the allegations in Paragraph 8 of the Complaint.

is pending." "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States […]." 28 U.S.C. § 1332(a). As discussed below, both conditions are met in this case. Thus, this action is removable under 28 U.S.C. § 1441(a), because the district court would have original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction).

    (a) Diversity

The United States First Circuit Court of Appeals has stated that the citizenship of a limited liability company or LLC is determined by the citizenship of all of its members. *Pramco LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006). *See also Cable Media of Puerto Rico, Inc. v. Caribbean Broadcasting Network LLC,* 581F.Supp.2d 286 (D.P.R. 2008)(*Removal was proper. Citizenship of the LLC determined by the citizenship of all its members*.) *Main Course Food Solutions, Inc. v. Kraft Heinz PR, LLC,* 2021 WL 329375, p.1-2 (D.P.R. 2021)(*Citing Pramco, denying motion to remand given complete diversity between parties.*) Televicentro of Puerto Rico, LLC is a limited liability company whose sole member is its parent company, InterMedia Español, Inc. ("InterMedia Español. *See Declaration of Aubrey Levesque*, **Exhibit 3**, at ¶ 3. Thus, Televicentro's citizenship would be that of InterMedia Español.

Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. InterMedia Español is incorporated in the State of Delaware. *See Declaration of Aubrey Levesque*, **Exhibit 3,** at ¶ 4 and 8. InterMedia Español's address is 4000 Ponce de Leon Blvd. Suite 650, Coral Gables, FL, 33146. *See Declaration of Aubrey Levesque*, **Exhibit 3**, at ¶ 9. InterMedia Español's officers are Alan J. Sokol, President; Raquel Perez, Vice President, Treasurer and Secretary and

Jorge Hidalgo, Vice President. *See Declaration of Aubrey Levesque*, **Exhibit 3**, at ¶ 6. In addition, the direction, control, and coordination of InterMedia Español's activities are done from the State of Florida. *See Declaration of  Aubrey Levesque*, **Exhibit 3**, at ¶ 7. These activities include, for example, decisions concerning the name of Televicentro, the location of Televicentro's principal office and place of business, appointment of its registered agent, decisions concerning capital contributions to Televicentro, designation and removal of officers, execution of instruments and documents such as issuance of incumbency certificates and resolutions allowing Televicentro to enter into certain agreements, corporate authorizations and financial matters, to name a few. *See Declaration of Aubrey Levesque,* **Exhibit 3***, at* ¶ 7. Therefore, InterMedia Español's principal place of business is Florida. *See Declaration of Aubrey Levesque*, **Exhibit 3,** at ¶ 7. In conclusion, Televicentro's citizenship is that of InterMedia Español. Since InterMedia Español's is a citizen of Delaware and Florida, Televicentro is a citizen of both states as well.

Meanwhile, Plaintiff is a citizen of Puerto Rico for purposes of 28 U.S.C. § 1332(a)(1). *See Complaint,* attached as **Exhibit 1A and Exhibit 1B,** at ¶1. Thus, there is complete diversity of citizenship between Plaintiff and Defendant.

(b) Amount in Controversy

To invoke diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Reyes de Leon v. Coconut Properties, LLC, 567 F.Supp.3d 343, 346 (D.P.R. 2021) See also Federated Mut. Ins. Co. c. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) *("A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.")(citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,

288 (1938)). In the *Complaint*, Plaintiff seeks relief for a severance payment of $21,887.51, and in the alleged amount of no less than $150,000 plus a double penalty of equal value. This is in addition to attorney's fees and costs, among other remedies. *See Complaint*, attached as **Exhibit 1A and 1B** ¶¶ 11, 13 and 14. Thus, the amount in controversy greatly exceeds the $75,000 jurisdictional threshold.[3]

## V. VENUE

The District of Puerto Rico is the judicial district embracing the place where this case was brought and is pending – San Juan, Puerto Rico – and is, thus, the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) & 1446(a).

## VI. TIMELINES OF NOTICE OF REMOVAL

This Notice for Removal is being timely filed within the applicable procedural deadline from the receipt by Televicentro of the *Summons* and *Complaint*, consistent with 28 U.S.C. § 1446(b). That is, from the date of service of the *Complaint* upon Defendant, on Monday, December 1, 2025, Televicentro has until December 22, 2025, to file its Notice of Removal. Out of abundance of caution, since Plaintiff invoked the summary proceedings in the State Court Complaint, Televicentro is removing and filing its response within 10 days from service.

## VII. STATE COURT PLEADINGS

Pursuant to 28 U.S.C. § 1446(a), with this notice Defendant is filing copies of all process and pleadings served upon the Defendant in the removed action. *See*

---

[3] The amount in controversy is based solely on the allegations in Plaintiff's Complaint. It is noted that a defendant who seeks to prove that the doumont in controversy is greater than the jurisdictional amount does not automatically concede that the jurisdictional amount is recoverable. *See* 14AA Wright, Miller & Cooper, *Federal Practice and Procedure* § 3702.1 (4th ed. 2011) (April 2023 update). Further, in determining whether damages are recoverable, the removing defendant cannot be judicially estopped by their assertions that the amount in controversy exceeds the jurisdictional amount. *Id*. Defendant denies that Plaintiff is entitled to any of the alleged damages, attorney's fees or costs.

**Exhibits 1(A & B) and 2(A & B)**. The foregoing papers are, upon information and belief, the only process and pleadings in the State Action Court.

### VIII. NOTICE TO STATE COURT AND PLAINTIFFS

Simultaneously with filing this Notice of Removal, Defendant is providing written notice to all adverse parties, by and through their legal counsel, and will promptly file a copy of this Notice of Removal with the Clerk of the Commonwealth of Puerto Rico Court of First Instance, Superior Court of San Juan.

**RESPECTFULLY SUBMITTED**

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent notification by certified mail to Ariel Irizarry Velázquez, P.O. Box 5399, Yauco, PR, 00698-5399, and to his email address: lcdoarielirizarry@yahoo.com and Fernando Luis Figueroa Gordián, 105 Gerónimo Martínez Street, Aibonito, PR, 00705, and to his email address: flfg@lawyer.com and are filing a copy of this notice with the Clerk of the Commonwealth of Puerto Rico, Court of First Instance, Superior Court of San Juan.

In San Juan, Puerto Rico, this 11th day of December, 2025.

**Ferraiuoli**
PO Box 195168
San Juan, PR 00919-5168
Teléfono: (787) 766-7000
Fax: (787) 766-7001

**s/KATHERINE GONZÁLEZ-VALENTÍN**
Katherine González-Valentín
USDC No. 214411
kgonzalez@ferraiuoli.com

**s/PATRICIA MARVEZ-VALIENTE**
Patricia Marvez-Valiente
USDC No. 220305
pmarvez@ferraiuoli.com